**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICIA CANESTRI, | Civil Action No.: 07-1603 (JLL) |
| Plaintiff, | |
| v. | OPINION |
| NYSA-ILA PENSION TRUST FUND AND PLAN, | |
| Defendant. | |

**LINARES**, District Judge.

This matter comes before the Court on Defendant's motion to strike Plaintiff's jury demand and a request for sanctions for refusal to voluntarily withdraw the demand. The Court has considered the submissions in support of and in opposition to the motion and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendant's motion is granted, but the fees and costs of Defendant bringing the motion will not be charged against Plaintiff.

**I.      BACKGROUND**

The facts of this case are set out more fully in this Court's March 24, 2009 Opinion granting in part and denying in part Defendant's motion for summary judgment. Mrs. Canestri brought suit against Defendant seeking a joint and survivor annuity pension benefit from Defendant. Mrs. Canestri's Complaint asserted various state law claims and demanded a jury trial. In this Court's March 24 summary judgment Opinion, the Court ruled that Mrs. Canestri's

state law claims are preempted by ERISA. The Court converted her claims into a claim for benefits under ERISA § 502(a)(1)(B) and a claim for breach of fiduciary duty under § 502(a)(3) and found that genuine issues of material of fact exist with regard to these claims, precluding summary judgment in favor of Defendant. As Mrs. Canestri's only surviving claims are these two ERISA claims, Defendant now moves to strike her jury demand, arguing that a jury trial is not available for such claims.

## II.   DISCUSSION

Rule 39(a) of the Federal Rules of Civil Procedure provides that "[w]hen a jury trial has been demanded . . . [,] [t]he trial on all issues so demanded must be by jury unless . . . (2) the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." In Pane v. RCA Corporation, the Third Circuit held that there is no right to a jury trial in ERISA actions brought under § 502(a)(3). 868 F.2d 631, 636 (3d Cir. 1989) (citing Cox v. Keystone Carbon Co., 861 F.2d 390 (3d Cir. 1988)). The Pane Court further held that there was no right to a jury trial for an ERISA claim for benefits under § 502(a)(1)(B) because an "action for the recovery of benefits was [also] equitable in nature." Id. (discussing Turner v. CF&I Steel Corp., 770 F.2d 43, 48 (3d Cir. 1985)). Mrs. Canestri does not appear to dispute that there is no right to a jury trial for claims brought under § 502(a)(3). Instead, she argues that the Supreme Court's decision in Great-West Life & Annuity Insurance Company v. Knudson, 534 U.S. 204 (2002), rendered after Pane, supports her position that there is a right to a jury trial for claims for benefits under § 502(a)(1)(B). She further claims that post-Knudson the district court trend has been toward expanding the right to a jury trial for the type of ERISA claims she brings in this case.

Knudson was not a case about the right to a jury trial; the Supreme Court did not address this issue. But, in deciding whether the relief sought in that case was appropriate for a claim under § 502(a)(3), the Court held that "[a] claim for money due and owing under a contract is quintessentially an action at law." Id. at 210 (internal quotations omitted). The Court stated that "money damages are, of course, the classic form of legal [versus equitable] relief." Id. (quoting Mertens v. Hewitt Assocs., 508 U.S. 248, 255 (1993)). Mrs. Canestri states that "[s]ubsequent to [Knudson] . . . three District Courts have ruled in favor of a Plaintiff's jury demand in ERISA cases." (Mem. of Law in Opp'n to Def.'s Mot. Strike Pl.'s Jury Demand [hereinafter "Pl.s Opp'n"], at 1-2 (citing Kirse v. McCullough, No. 04-1067, 2005 U.S. Dist. LEXIS 17023 (W.D. Mo. May 12, 2005); Lamberty v. Premier Millwork & Lumber Co., 329 F. Supp. 2d 737 (E.D. Va. 2004); Bona v. Barasch, No. 01-2289, 2003 U.S. Dist. LEXIS 4186 (S.D.N.Y. Mar. 20, 2003)). Mrs. Canestri's claim under § 502(a)(1)(B) seeks the payment of benefits, money, she claims is owed to her. Under Pane and its Third Circuit predecessors, it is clear that there is no right to a jury trial for such claims. This Court disagrees with Mrs. Canestri that Knudson overruled Pane; and, if not clearly overruled, this Court must apply Third Circuit law.

This Court understands Mrs. Canestri's argument that Pane appears to base its holding on a finding that the relief she seeks is equitable in nature and that Knudson states that claims for money damages are not equitable, but instead are legal, triggering a right to a jury trial. But, Knudson was not analyzing a right to a jury trial or even a claim for benefits under § 502(a)(1)(B); it was analyzing whether a claim was appropriate under § 502(a)(3). Additionally, contrary to Mrs. Canestri's assertion, Third Circuit district courts continue to apply Pane and its predecessors post-Knudson. See, e.g. D'Alessandro v. Hartford Life & Accident Ins. Co., No.

09-1115, 2009 U.S. Dist. LEXIS 37048 (D.N.J. May 1, 2009); Killian v. Johnson & Johnson, No. 07-4902, 2008 U.S. Dist. LEXIS 6329, at *10 (D.N.J. Jan. 29, 2008); Irwin v. UMW Health & Retirement Funds, No. 05-1072, 2006 U.S. Dist. LEXIS 4618 (W.D. Pa. Feb. 7, 2006). More importantly, in Eichorn v. AT&T Corporation, a post-Knudson case, the Third Circuit, in discussing whether the relief sought in that case was appropriate under § 502(a)(3), referred to its prior holdings that "a right to a jury trial in actions under ERISA § 502(a)(1)(B) . . . [is not available] because such actions are analogous to actions for breach of trust, which were typically heard in courts of equity." 484 F.3d 644, 656 (3d Cir. 2007); see also DeLong v. Aetna Life Ins. Co., 232 Fed. Appx. 190, 193 n.3 (3d Cir. 2007) (favorably citing Pane and holding that there was no right to a jury trial for the plaintiff's claim under § 502(a)(1)(B)) (unpublished decision). The Third Circuit in Eichorn also favorably cited Adams v. Cyprus Amax Minerals Company, 149 F.3d 1156 (10th Cir. 1998), which found that "the recovery of benefits due under the terms of a plan is analogous to equitable restitution." Id. at 657; see also Adams, 149 F.3d at 1162 ("As we conclude the nature of the issues involved and the remedy sought in this ERISA, § 1132(a)(1)(B) action are equitable in nature, we hold the Seventh Amendment provides no right to a jury trial."). The three non-Third Circuit district court cases cited by Mrs. Canestri, courts which are not bound by Third Circuit precedent, do not persuade this Court that Knudson altered Third Circuit precedent on this issue. Therefore, this Court finds that there is no right to a jury trial for Mrs. Canestri's ERISA claims; Defendant's motion is granted. But, although this Court found Mrs. Canestri's argument unpersuasive, it finds her argument colorable and, thus, denies Defendant's request for costs and fees.

### III. CONCLUSION

For the foregoing reasons, this Court grants Defendant's motion to strike Plaintiff's jury demand. However, because the Court finds that the motion was not frivolous, it denies Defendant's requests for sanctions against Plaintiff. An appropriate Order accompanies this Opinion.

DATED: November 4, 2009

/s/ Jose L. Linares
JOSE L. LINARES
UNITED STATES DISTRICT JUDGE